# HILLSBOROUGH,

## JULY TERM, A. D. 1843.

### RUSSELL, Adm'r, *vs.* ABBOTT.

If a promissory note be obtained, without consideration, by the fraudulent repre-
sentations of the payee, but the maker afterwards, with full knowledge of the
fraud, receives a consideration, and promises to pay it, he cannot set up the fraud
in defence.

And if the new promise be made after the commencement of a suit upon the note,
it will avail, as a ratification, to sustain the action.

ASSUMPSIT, on a promissory note given by the defendant
to the plaintiff's intestate, payable to him, or order, on de-
mand, with interest.—Plea, the general issue.

The defendant introduced evidence to prove that he was
induced to give the note by the false and fraudulent repre-
sentations of the intestate, and that it was given without con-
sideration.

The plaintiff introduced evidence tending to show that
while this action was pending, in the life-time of the intes-
tate, the defendant promised to pay the note, on a new con-
sideration, with a knowledge of all the facts under which it
had been given.

The court instructed the jury, that if they believed the
defendant, on a new consideration, promised to pay the note,
with a full knowledge of the circumstances under which it
had been given, they ought to return a verdict for the plain-
tiff, notwithstanding they were satisfied that the defendant
had been induced to give the note by the false and fraudulent
representations of the intestate, and it had been given with-
out consideration.

The jury having returned a verdict for the plaintiff, the defendant's counsel moved for a new trial.

*Farley*, for the defendant.

*C. H. Atherton*, for the plaintiff, cited 2 *Metcalf's R.* 53, *Ward* vs. *Allen.*

PARKER, C. J.   The case does not find under what particular circumstances the note was given, nor whether the defendant, at the time of making it, received any thing which was supposed to furnish a consideration.   The statement is only that the defendant introduced evidence to show that he was induced to give the note by the false and fraudulent representations of the intestate, and that it was given without consideration.

If the defendant received something, which it was supposed at the time was an adequate consideration, there is no evidence that he ever returned what was thus received, or took any measures to rescind the contract, and the case would be, in principle, like the cases *Campbell* vs. *Fleming*, 1 *Adolph. & Ellis* 40 ; *and Ayers* vs. *Hewitt*, 19 *Maine R.* 281.

But, if the plaintiff received nothing at the time the note was executed, we are of opinion that the note itself, purporting to be for value received, and thus to be founded on a sufficient consideration, cannot with propriety be considered entirely void, so as to be incapable of ratification.   Fraud does not render a contract void, except at the option of the party defrauded.   19 *Maine R.* 287.

The defendant having afterwards received a consideration, and promised to pay the note, with full knowledge of all the facts, had no longer any such option.   If there had been fraud, it was purged by the new agreement.   If he had a defence before that time, he then waived it.   In the language of Mr. Justice Parke, after the defendant " knowing of the

fraud, had elected to treat the transaction as a contract, he had lost his right of rescinding it; and the fraud could do no more than entitle him to rescind." 1 *A. & E.* 40.

The only question remaining is, whether this action can be sustained,—the new consideration and promise being after the commencement of the suit. If the action had been founded on this promise, it is apparent that it would not support it. But such is not the fact. The action is founded on the note, which purports to be on a sufficient consideration; and the defendant, by his undertaking to pay it, has taken away the objection to it which before existed, and is precluded from setting up the defence of which he might otherwise have availed himself.

The case is different from *Merriam* vs. *Wilkins*, 6 *N. H. Rep.* 432, where the suit was upon a note executed by one who was an infant at the time, and it was held that the plaintiff could not avail himself of a new promise, made after the action was commenced.

That decision, which overruled *Wright* vs. *Steele*, 2 *N. H. Rep.* 51, is perhaps not to be regretted, notwithstanding the fact, that the contracts of infants being now generally regarded as voidable rather than void, (7 *N. H. Rep.* 372) no insuperable objection would seem to have existed to holding that a ratification, after action brought, might avail to sustain it. That case went upon the principle that the note of an infant, until it is ratified, furnishes no ground of action. The court hesitated to call it void, because it was capable of ratification.

But we think that the doctrine there held, in relation to the contracts of infants, cannot be extended to cases of this character, for the reasons before suggested. Here the defendant had a right to rescind, or an option to treat the contract as void. When he saw fit to receive a consideration, and to affirm the note, the affirmation, by taking away his option to consider the note fraudulent or not, relates back to the time of its execution; and on principle, therefore, must

avail to sustain the action, notwithstanding it had been commenced before the ratification.

For these reasons there must be

*Judgment on the verdict.*